IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBORAH JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:19-CV-2671-D |
| | § | |
| QUIKTRIP CORPORATION, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action based on diversity jurisdiction, defendant moves to strike plaintiff's billing affidavits filed under Tex. Civ. Prac. & Rem. Code Ann. § 18.001(b)[1] on the basis that they violate several Federal Rules of Evidence. Plaintiff has not responded to the motion, and the court now grants it for the reasons that follow.

---

[1]Section 18.001(b) provides:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary. The affidavit is not evidence of and does not support a finding of the causation element of the cause of action that is the basis for the civil action.

I

Plaintiff Deborah Jones ("Jones") brought this premises liability suit in state court against defendant QuikTrip Corporation d/b/a Quicktrip #923 ("QuikTrip"), arising from an incident in which Jones tripped on a mat that was rolled up on the floor of the QuikTrip store located at 8414 South Hampton Road in Dallas. QuikTrip removed the case to this court based on diversity of citizenship (Jones is a Texas citizen, and QuikTrip is a citizen of Oklahoma).

Following removal, Jones filed billing record affidavits from her healthcare providers that purportedly attest to the reasonableness and necessity of her treatment and medical expenses.[2] QuikTrip moves to strike the affidavits on the ground that they exceed the scope of Fed. R. Evid. 901, constitute inadmissible hearsay under Rules 801 - 804, and fail to comply with the expert competency requirements of Rule 702. Jones has not responded to the motion.[3]

II

As several recent decisions by judges of this court demonstrate, the procedure that Jones has invoked is improper because § 18.001(b) is procedural and therefore inapplicable in federal court, even in a case in which subject matter jurisdiction is based on diversity of

---

[2]On January 8, 2020 Jones filed a notice of filing business record affidavits that attached, *inter alia*, billing affidavits from her healthcare providers. The documents in question are listed in QuikTrip's motion. *See* D. Mot. Strike at 3-4.

[3]QuikTrip filed its motion on September 10, 2020. Jones's response was due October 1, 2020. *See* N.D. Tex. Civ. R. 7.1(e).

citizenship. *See Baird v. Shagdarsuren*, 2019 WL 2286084, at *2 (N.D. Tex. May 29, 2019) (Boyle, J.); *see also Jenkins v. Kroger Tex. L.P.*, No. 3:20-CV-0033-E, order at 2 (N.D. Tex. July 21, 2020) (Brown, J.) (order) ("The Texas Supreme Court has held that section 18.001 affidavits are 'purely procedural' matters. Accordingly, section 18.001 is inapplicable in this federal diversity case." (internal citations omitted)); *Newby v. Kroger Co.*, 2020 WL 3963740, at *2 (N.D. Tex. July 11, 2020) (Godbey, J.) ("[T]he Texas Supreme Court's 2018 decision in [*Gunn v. McCoy*, 554 S.W.3d 645, 672, 674 (Tex. 2018),] persuades this Court that section 18.001 is a procedural rule, not a substantive law providing a presumption regarding the damages element of a state negligence claim, and that it is thus not rendered applicable by Federal Rule of Evidence 302.").

The court acknowledges that other judges of this court, including the undersigned, have declined to strike affidavits filed under the § 18.001(b) procedure. In *Gorman v. ESA Management, LLC*, 2018 WL 295793, at *1 (N.D. Tex. Jan. 4, 2018) (Fitzwater, J.), for example, the undersigned held: "[b]ased on the current state of the law, the court concludes that § 18.001(b) is a substantive provision of Texas law that applies in this case." *Id.* at *1 (citing decisions by judges of this court).[4]

But the more recent decisions in this district, which post-date the decisions of the Supreme Court of Texas in *Gunn* and *Haygood v. De Escabedo*, 356 S.W.3d 390 (Tex.

---

[4]Even in *Gorman*, however, the court declined to follow any deadlines for filing affidavits and controverting affidavits imposed by § 18.001(d) because these provisions were clearly procedural. *Gorman*, 2018 WL 295793, at *2.

2011), and post-date *Gorman*, persuade the court to reconsider its prior rulings. The court therefore now holds that the procedure of § 18.001(b) is inapplicable in federal court, even in a case in which subject matter jurisdiction is based on diversity of citizenship. QuikTrip's motion to strike Jones's billing affidavits is therefore well-taken and should be granted.

\* \* \*

Accordingly, for the reasons explained, QuikTrip's September 10, 2020 motion to strike plaintiff's billing affidavits is granted.

**SO ORDERED**.

October 20, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 4 -